UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES STEEL AND CARNEGIE PENSION FUND,  )<br>  )<br>          Plaintiff,  )<br>  )  CASE NO: 2:06-CV-38<br>vs.  )<br>  )<br>DOROTHY R. SNEED (f/k/a Dorothy Jimenez),  )<br>and LAURA L. MEMBRES-SNEED  )<br>(f/k/a Laura Membres,  )<br>  )<br>          Defendants.  )  | |

**MEMORANDUM AND ORDER**

**I.   Introduction**

This is an interpleader action that was filed on February 3, 2006, by United States Steel and Carnegie Pension Fund ("Pension Fund"), the stakeholder of surviving spouse benefits payable to the widow of former United States Steel employee William Sneed, seeking a declaratory judgment as to which, if either, of the two Interpleader Defendants was William Sneed's legal spouse at the time of his death on August 4, 2003.  On January 9, 2007, the court held and completed a bench trial.

**II.   Findings of Fact**

1.   William Sneed married Dorothy R. Sneed on September 2, 1967.

2.   William Sneed married Laura L. Membres-Sneed on July 18, 1981.

3.   Conflicting evidence was submitted at trial as to the whereabouts of William Sneed's residence from 1970 onward.  Dorothy Sneed testified at trial and called one witness, her daughter Gail Woods, who testified.  Dorothy Sneed and her daughter Gail Woods testified that William Sneed lived with them on an on-again, off-again basis from 1970 onward.  Dorothy Sneed testified that William Sneed was living in a rooming house at the time of his death on August 4, 2003.  Laura

Membres-Sneed testified at trial, and called her children, namely Elizabeth Membres-Rendell, India Sneed, William Sneed, Jr., and Jimmie Membres, Jr., and granddaughter Chyna Membres, who testified.  Laura Membres-Sneed and her children testified that William Sneed and Laura Membres-Sneed lived together from 1971 onward, and lived together as husband and wife from 1981 until his death, with one brief separation in 1985.

4. The Court finds Laura Membres-Sneed and her children credible witnesses, and credits their testimony that William Sneed and Laura Membres-Sneed lived together from 1971 onward, and lived together as husband and wife from the time of their marriage on July 18, 1981, until his death on August 4, 2003.  The Court finds Dorothy Sneed and her daughter Gail Woods were not credible witnesses, and does not credit their testimony that Dorothy and William Sneed lived together a substantial amount of time from 1970 onward.  To the extent there is any conflict in the testimony between the two parties and the witnesses they called, the Court credits the testimony of Laura Membres-Sneed and her witnesses, and does not credit the testimony of Dorothy Sneed and her witness.  The Court further finds Dorothy Sneed's testimony was not credible evidence that her marriage to William Sneed was not dissolved.

### III. Conclusions of Law

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1335 and 28 U.S.C. § 2201.

2. Indiana law governs the validity of a marriage within the state of Indiana.  Ind. Code § 31-11 (2006).

3. Under Indiana law, where there are "conflicting marriages" of the same spouse, the

presumption of validity operates in favor of the second marriage. *Rainier v. Snider*, 174 Ind. App. 615, 618, 369 N.E.2d 666, 668 (1977). The law presumes that the prior marriage was terminated by death or divorce. *Id.* The policies upon which this presumption rests are that the law presumes innocence, not criminality (bigamy); morality, not immorality; and marriage, not concubinage. *Id.* The Indiana Supreme Court has held that the latter presumption shifts the burden of proof. *Id.*

4. In order to rebut the presumption, the party asserting the invalidity of the second marriage must prove by "competent evidence" that at the time of the second marriage (1) the former spouse was still alive, and (2) no divorce had been obtained. *Ranier, supra*, 174 Ind. App. at 619, 369 N.E.2d at 669.

5. It is not necessary for the party asserting the non-validity of the second marriage to prove the non-existence of divorce in every conceivable jurisdiction. It is only necessary to rule out those proceedings in forums where the former spouse might reasonably be expected to pursue them. *Ranier, supra*, 174 Ind. App. at 619-620, 369 N.E.2d at 669.

6. Based on the record, the Court finds in favor of Laura Membres-Sneed. No evidence was submitted at trial that anyone performed a diligent search of the Lake County, Indiana, records to determine whether the marriage of William and Dorothy Sneed was ever dissolved, therefore, the Court must decide that issue based on the creditable testimony given by the witnesses at trial. The Court finds Dorothy Sneed failed to overcome the presumption of validity in favor of William Sneed's second marriage to Laura Membres-Sneed. The Court further finds Dorothy Sneed's testimony was not competent evidence that her marriage to William Sneed was not dissolved.

**IV.    Judgment**

The Court FINDS in favor of Interpleader Defendant Laura L. Membres-Sneed and against Interpleader Defendant Dorothy R. Sneed.  The Court DECLARES that Laura L. Membres-Sneed was the legal spouse of William Sneed from July 18, 1981, up to the time of his death on August 4, 2003, and that Dorothy Sneed was not the legal spouse of William at the time of his death.  The Court FINDS Laura Membres-Sneed is entitled to any benefits payable to the surviving spouse of the late William Sneed under the United States Steel Corporation Plan for Employee Pension Benefits (Revision of 2003) and the United States Steel Corporation Plan for Employee Insurance Benefits (Revision of 1950).  The Court FINDS Dorothy Sneed has no entitlement to any benefits of any kind or nature whatsoever under the United States Steel Corporation Plan for Employee Pension Benefits (Revision of 2003) or the United States Steel Corporation Plan for Employee Insurance Benefits (Revision of 1950).

IT IS SO ORDERED this 17th day of January, 2007.

BY THE COURT:


s/ ANDREW P. RODOVICH
   United States Magistrate Judge